(No. 76-CV-0173—)

*In re* APPLICATION OF GERARDO COURTADE.

*Affirmed on rehearing March 20, 1980.*

GERARDO COURTADE, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (JERRY FELSENTHAL, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on 3035 West Irving Park Road, in Chicago, Illinois. Gerardo Courtade, victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, Ill. Rev. Stat. 1973, ch. 70, par. 71 *et seq.* (hereinafter referred to as the Act.)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the Claimant, Gerardo Courtade, age 43, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: "Aggravated Battery." Ill. Rev. Stat. 1973, ch. 38, par. 12—4.

2. That on May 11, 1975, at about 12:30 a.m., the Claimant was walking at 3035 West Irving Park Road, in Chicago, Illinois, when two still unidentified youths stopped him and demanded money to buy pot. When the Claimant refused, the youths attacked him, one hitting him in the face with a bottle of soda pop. After a fight, the youths fled. The Claimant then went home but did not notify the police. On May 12, 1975, Claimant went to work, and, after work, saw his dentist, Dr. Pedro Cabrera, who advised him to go to the hospital. Claimant arrived at Forkosh Memorial Hospital in Chicago, Illinois, at 7:30 p.m., where the nurse on duty notified the police.

Claimant was found to have a fractured jaw. No identification or arrests have been made in this matter.

A further and more detailed summary of the facts and information considered by the Court is contained in the investigatory report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence that the Claimant's injuries were in any way attributable to his wrongful act or the substantial provocation of his assailant.

4. That the victim and his assailant were not related nor sharing the same household.

5. That the Claimant in this case incurred hospital and medical expenses and suffered a loss of earnings. However the attack upon Claimant was not reported to the police until nearly 43 hours after it occurred. This is a violation of section 3(c) of the Act which requires that the appropriate law enforcement officials be:

" * * * notified of the perpetration of the crime allegedly causing the * * * injury to the victim as soon after its perpetration as was reasonably practicable under the circumstances."

Therefore, this claim must be denied since Claimant did not act in compliance with section 3(c) of the Act.

Wherefore, it is hereby ordered that the claim of Gerardo Courtade be denied.